

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00296-CR

WILLIE MICHAEL CASTLEMAN, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the Criminal District Court No. 2
Tarrant County, Texas
Trial Court No. 1502506D, Honorable Wayne Salvant, Presiding

March 18, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

Willie Michael Castleman, Jr., appellant, appeals his conviction for assaulting a family or household member. His three issues pertain to the trial court's decision to admit a transcript of a protective order hearing (transcript) involving appellant and the victim as well as a recording of the victim's 9-1-1 call (recording). The State allegedly failed to lay the proper predicate to their admission; therefore, neither were admissible, in his view. We affirm.[1]

---

[1] Because this appeal was transferred from the Second Court of Appeals, we are obligated to apply its precedent when available in the event of a conflict between the precedents of that court and this Court. See TEX. R. APP. P. 41.3.

Apparently, the victim had difficulty remembering at trial the circumstances of appellant's attack upon her. The transcript and recording were used as a means to help her recollection. When her lack of memory continued, the State offered and the trial court admitted the two items into evidence over appellant's objection. Those items were not the only evidence of the assaults mentioned in the transcript and recording. Such also appeared in an affidavit the victim had executed, which affidavit the trial court admitted into evidence without objection from appellant. So too did the victim eventually acknowledge their occurrence under further questioning of the State.

To preserve error involving the admission of evidence, one must contemporaneously object each time the objectionable evidence is proffered. See *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003); *West v. State*, 536 S.W.3d 922, 926 (Tex. App.—Amarillo 2017, pet. ref'd). Indeed, the admission of the same or similar evidence elsewhere in the trial without objection cures any purported error. *Valle*, 109 S.W.3d at 509; *West*, 536 S.W.3d at 926. These rules obligate us to overrule appellant's complaints. That is, evidence of the assaults and violence encompassed within the transcript and recording was admitted elsewhere without objection. That cured any purported error relating to the admission of the transcript and recording.

We overrule appellant's issues and affirm the judgment of the trial court.


Per Curiam


Do not publish.